UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: _____

LAUREN DAVIS,                              )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )
                                           )
USA GREEN CONTRACTORS CO.,                 )
                                           )
            Defendant.                     )
_____  )

## COMPLAINT

Plaintiff LAUREN DAVIS (the "Plaintiff") sues defendant USA GREEN CONTRACTORS CO. (the "Defendant") and alleges:

1.      This is an action to recover damages for discrimination and retaliation pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq. ("Title VII"); the Pregnancy Discrimination Act; and the Florida Civil Rights Act, § 760.10, Fla. Stat. Et seq. ("FCRA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the claim herein pursuant to 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367(a).

3.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district, Defendant has its principal place of business within this judicial district, and because the employment records of Plaintiff are stored or have been administered in this judicial district.

4.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy

under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties. In particular, Plaintiff is bringing claims under the FCRA.

5.     At all times material, Defendant was and is a Florida Profit Corporation duly authorized and existing under the laws of the State of Florida and conducting business in Broward County, Florida.

6.     At all times material, Plaintiff was and is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court.

7.     At all times material, Plaintiff was an "employee" as defined by 42 U.S.C. § 2000e(f) and 42 USC § 12111(4), and an "aggrieved person" as defined by Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definitions of "aggrieved person" and "employee."

8.     At all times material, Defendant was a "person" and "employer" as defined by 42 U.S.C. § 2000e(a) and (b), 42 USC § 12111(5), (7), and Fla. Stat. § 760.02(6) & (7).

9.     At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

10.     Plaintiff has complied with all conditions precedent in filing this action, to wit: Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office; more than 180 days have passed since the filing of Plaintiff's charge of discrimination; and Plaintiff received a Right to Sue Notice as to her charge of discrimination.

11.     Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

12.     Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

13.     Plaintiff is a female individual.

14.     Plaintiff began working for the Defendant as a payroll assistant in or about April 2021.

15.     During her employment with Defendant, Plaintiff found out that she was pregnant and immediately informed her supervisor, Debora Herrera ("Supervisor Herrera").

16.     Plaintiff soon began to experience symptoms such as severe nausea and vomiting.

17.     Plaintiff went to see her doctors and was diagnosed with Hyperemesis Gravidarum. Plaintiff's pregnancy and Hyperemesis Gravidarum diagnosis physically and mentally impaired Plaintiff.

18.     Specifically, Plaintiff experienced morning sickness and severe nausea and vomiting, which occurred before, during, and after Plaintiff's work shifts with Defendant. Plaintiff's nausea did not go away while she was performing her work for Defendant and caused Plaintiff to be fatigued and debilitated.

19.     When Defendant learned about Plaintiff's symptoms, Supervisor Herrera began micromanaging Plaintiff's work and routinely told Plaintiff "you look like sh*t." Supervisor Herrera made the harassing comments on an ongoing basis.

20.     Plaintiff objected to Supervisor Herrera's harassing comments and to her micromanagement of Plaintiff's work, but Supervisor Herrera continued making these

comments on an ongoing basis (almost daily) despite Plaintiff's objections. Supervisor Herrera also continued micromanaging Plaintiff's work.

21.     On or about July 29, 2021, Supervisor Herrera terminated Plaintiff's employment.

22.     The reason provided by Defendant for terminating Plaintiff was pretextual, and the real reason for terminating Plaintiff was discrimination and/or retaliation.

## COUNT I: PREGNANCY DISCRIMINATION (DISPARATE TREATMENT) IN VIOLAITON OF THE PREGNANCY DISCRIMINATION ACT

23.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24.     At all times material, Plaintiff was a pregnant female and, as such, a member of a protected group.

25.     At all times material, Defendant was aware that Plaintiff was pregnant.

26.     Defendant intentionally engaged in unlawful employment practices and discrimination by treating Plaintiff differently than similarly situated employees in the terms and conditions of Plaintiff's employment with Defendant. Namely, Defendant micromanaged Plaintiff's work and subsequently terminated Plaintiff.

27.     Defendant did not treat similarly situated, male employees or non-pregnant employees in the manner it treated Plaintiff.

28.     Plaintiff's pregnancy was a motivating factor that caused Defendant to discriminate against Plaintiff.

29.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

30.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

31.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court:

a. Issue a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the Pregnancy Discrimination Act;

b. Order injunctive relief ordered by the Court enjoining and permanently restraining these violations of the Pregnancy Discrimination Act by Defendant;

c. Award actual damages suffered, including lost wages, loss of fringe benefits and damages;

d. Award ompensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e. Award Plaintiff back pay, pension benefits, and other employment benefits which would have accrued;

f. Award Plaintiff Punitive damages, according to proof;

g. Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the Pregnancy Discrimination Act; and

h. Order such other and further relief as the Court deems just and proper.

## COUNT II: PREGNANCY RETALIATION IN VIOLAITON OF THE PREGNANCY DISCRIMINATION ACT

32.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

33.     At all times material, Plaintiff was a pregnant female and, as such, a member of a protected group.

34.     At all times material, Defendant was aware that Plaintiff was pregnant.

35.     Plaintiff engaged in a protected activity when she objected to Supervisor Herrera's micromanaging of Plaintiff's work and harassing remarks.

36.     Defendant intentionally engaged in unlawful employment practices and retaliation by failing to correct the discriminatory treatment directed towards Plaintiff, continuing the micromanagement of Plaintiff's work and harassing remarks, and subsequently terminating Plaintiff's employment.

37.     Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment because she objected to Defendant's discriminatory actions.

38.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

39.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

40.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court:

a.   Issue a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the Pregnancy Discrimination Act;

b.   Order injunctive relief ordered by the Court enjoining and permanently restraining these violations of the Pregnancy Discrimination Act by Defendant;

c.   Award actual damages suffered, including lost wages, loss of fringe benefits and damages;

d.   Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e.   Award Plaintiff back pay, pension benefits, and other employment benefits which would have accrued;

f.  Award Plaintiff Punitive damages, according to proof;

g.  Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the Pregnancy Discrimination Act; and

h.  Order such other and further relief as the Court deems just and proper.

## COUNT III: PREGNANCY DISCRIMINAITON (HOSTILE WORK ENVIRONMENT) IN VIOLAITON OF THE PREGNANCY DISCRIMINATION ACT

41.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

42.  At all times material, Plaintiff was a pregnant female and, as such, a member of a protected group.

43.  At all times material, Defendant was aware that Plaintiff was pregnant.

44.  At all times material, Supervisor Herrera engaged in a persistent pattern of unwelcomed, severe, and pervasive harassment including, for example, making offensive comments to Plaintiff regarding how Plaintiff looked like a result of her pregnancy and by micromanaging Plaintiff's work.

45.  This created a hostile workplace environment for Plaintiff.

46.  This also created an objective hostile workplace environment.

47.  Plaintiff advised Supervisor Herrera that her conduct was unwelcome.

48.  Plaintiff was subjected to the harassment because of her pregnancy.

49.  The harassment was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant and created an abusive working environment.

50.  When Plaintiff objected to Supervisor Herrera's harassing comments, Plaintiff gave Defendant notice of the hostile work environment.

51.  Defendant failed to take adequate remedial action.

52.  Despite Plaintiff's objections, the harassment of Plaintiff continued to occur.

53.     Supervisor Herrera was acting within the scope of her employment when she harassed Plaintiff.

54.     As a direct and proximate result of the actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

55.     Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to Plaintiff solely because of Defendant's conduct.

56.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court:

a.  Issue a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the Pregnancy Discrimination Act;

b.  Order a njunctive relief ordered by the Court enjoining and permanently restraining these violations of the Pregnancy Discrimination Act by Defendant;

c.  Award actual damages suffered, including lost wages, loss of fringe benefits and damages;

d.  Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e.  Award Plaintiff back pay, pension benefits, and other employment benefits which would have accrued;

f.  Award Plaintiff Punitive damages, according to proof;

g.  Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the Pregnancy Discrimination Act; and

h.  Order such other and further relief as the Court deems just and proper.

## COUNT IV: DISABILITY DISCRIMINATION
## (DISPARATE TREATMENT) IN VIOLAITON OF THE ADA

57.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

58.     Plaintiff's physical and mental conditions, diagnosis, and symptoms qualified as a disability, or a perceived disability; all within the meaning of the ADA.

59.     At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

60.     At all times material, Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

61.     Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment.

62.     Specifically, during Plaintiff's employment with Defendant, the Defendant did not micromanage, make offensive comments, or terminate those employees of Defendant who were not disabled or perceived as disabled.

63.     Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

64.     Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendant to terminate Plaintiff.

65.     As a direct and proximate result of the actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

66.     Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to Plaintiff solely because of Defendant's conduct.

67.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the ADA;

b.  Enter judgment in Plaintiff's favor and against the Defendant for its violations of the ADA;

c.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

d.  Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

e.  Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

f.  Award Plaintiff punitive damages, according to proof;

g.  Award Plaintiff reasonable costs and attorneys' fees; and

h.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT V: DISABILITY RETALIATION IN VIOLAITON OF THE ADA

68.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

69.     Plaintiff's physical and mental conditions, diagnosis, and symptoms qualified as a disability, or a perceived disability; all within the meaning of the ADA.

70.     At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

71.     At all times material, Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

72.     Plaintiff engaged in a protected activity when she objected to Supervisor Herrera's micromanaging of Plaintiff's work and harassing remarks.

73.     Defendant intentionally engaged in unlawful employment practices and retaliation by failing to correct the discriminatory treatment directed towards Plaintiff, continuing the micromanagement of Plaintiff's work and harassing remarks, and subsequently terminating Plaintiff's employment.

74.     Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment because she objected to Defendant's discriminatory actions.

75.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

76.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

77.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the ADA;

b.  Enter judgment in Plaintiff's favor and against the Defendant for its violations of the ADA;

c.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

d.  Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

e.  Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

f.  Award Plaintiff punitive damages, according to proof;

g.  Award Plaintiff reasonable costs and attorneys' fees; and

h.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VI: DISABILITY DISCRIMINATION
## (HOSTILE WORK ENVIRONMENT) IN VIOLAITON OF THE ADA

78.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

79.     Plaintiff's physical and mental conditions, diagnosis, and symptoms qualified as a disability, or a perceived disability, within the meaning of the ADA.

80.     At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

81.     At all times material, Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

82.     At all times material, Supervisor Herrera engaged in a persistent pattern of unwelcomed, severe, and pervasive harassment including, for example, making offensive comments to Plaintiff regarding how Plaintiff looked like a result of her disability, or a perceived disability, and by micromanaging Plaintiff's work.

83.     This created a hostile workplace environment for Plaintiff.

84.     This also created an objective hostile workplace environment.

85.     Plaintiff advised Supervisor Herrera that her conduct was unwelcome.

86.     Plaintiff was subjected to the harassment because of her disability, or a perceived disability.

87.  The harassment was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant and created an abusive working environment.

88.  When Plaintiff objected to Supervisor Herrera's harassing comments, Plaintiff gave Defendant notice of the hostile work environment.

89.  Defendant failed to take adequate remedial action.

90.  Despite Plaintiff's objections, the harassment of Plaintiff continued to occur.

91.  Supervisor Herrera was acting within the scope of her employment when she harassed Plaintiff.

92.  As a direct and proximate result of the actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

93.  Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to Plaintiff solely because of Defendant's conduct.

94.  The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the ADA;

b.  Enter judgment in Plaintiff's favor and against the Defendant for its violations of the ADA;

c.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

d.  Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

e. Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

f. Award Plaintiff punitive damages, according to proof;

g. Award Plaintiff reasonable costs and attorneys' fees; and

h. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VII: PREGNANCY DISCRIMINATION (DISPARATE TREATMENT) IN VIOLAITON OF THE FCRA

95. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

96. At all times material, Plaintiff was a pregnant female and, as such, a member of a protected group.

97. At all times material, Defendant was aware that Plaintiff was pregnant.

98. Defendant intentionally engaged in unlawful employment practices and discrimination by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment. Namely, Defendant micromanaged Plaintiff's work and subsequently terminated Plaintiff.

99. Defendant did not treat similarly situated, male employees or non-pregnant employees in the manner it treated Plaintiff.

100. Plaintiff's pregnancy was a motivating factor that caused Defendant to discriminate against Plaintiff.

101. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

102. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

103. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered;

c. Award Plaintiff compensatory damages for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d. Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

e. Award Plaintiff back pay, including pension benefits, and other employment benefits which would have accrued;

f. Award Plaintiff punitive damages, according to proof;

g. Award Plaintiff reasonable costs and attorney's fees; and

h. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT VIII: PREGNANCY RETALIATION  IN VIOLAITON OF THE FCRA

104. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

105. At all times material, Plaintiff was a pregnant female and, as such, a member of a protected group.

106. At all times material, Defendant was aware that Plaintiff was pregnant.

107. Plaintiff engaged in a protected activity when she objected to Supervisor Herrera's micromanaging of Plaintiff's work and harassing remarks.

108. Defendant intentionally engaged in unlawful employment practices and retaliation by failing to correct the discriminatory treatment directed towards Plaintiff,

continuing the micromanagement of Plaintiff's work and harassing remarks,  and subsequently terminating Plaintiff's employment.

109.    Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment because she objected to Defendant's discriminatory actions.

110.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

111.    Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

112.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered;

c.  Award Plaintiff compensatory damages for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d.  Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

e.  Award Plaintiff back pay, including pension benefits, and other employment benefits which would have accrued;

f.  Award Plaintiff punitive damages, according to proof;

g.  Award Plaintiff reasonable costs and attorney's fees; and

h.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IX: PREGNANCY DISCRIMINAITON (HOSTILE WORK ENVIRONMENT) IN VIOLAITON OF THE FCRA

113.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

114.    At all times material, Plaintiff was a pregnant female and, as such, a member of a protected group.

115.    At all times material, Defendant was aware that Plaintiff was pregnant.

116.    At all times material, Supervisor Herrera engaged in a persistent pattern of unwelcomed, severe, and pervasive harassment including, for example, making offensive comments to Plaintiff regarding how Plaintiff looked like a result of her pregnancy and by micromanaging Plaintiff's work.

117.    This created a hostile workplace environment for Plaintiff.

118.    This also created an objective hostile workplace environment.

119.    Plaintiff advised Supervisor Herrera that her conduct was unwelcome.

120.    Plaintiff was subjected to the harassment because of her pregnancy.

121.    The harassment was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant and created an abusive working environment.

122.    When Plaintiff objected to Supervisor Herrera's harassing comments, Plaintiff gave Defendant notice of the hostile work environment.

123.    Defendant failed to take adequate remedial action.

124.    Despite Plaintiff's objections, the harassment of Plaintiff continued to occur.

125.    Supervisor Herrera was acting within the scope of her employment when she harassed Plaintiff.

126.    As a direct and proximate result of the actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

127.    Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to Plaintiff solely because of Defendant's conduct.

128.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered;

c.  Award Plaintiff compensatory damages for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d.  Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

e.  Award Plaintiff back pay, including pension benefits, and other employment benefits which would have accrued;

f.  Award Plaintiff punitive damages, according to proof;

g.  Award Plaintiff reasonable costs and attorney's fees; and

**h.**  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT X: HANDICAP DISCRIMINATION**
**(DISPARATE TREATMENT) IN VIOLAITON OF THE FCRA**

129.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

130.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

131.    Plaintiff's physical and mental conditions, diagnosis, and symptoms qualified as a handicap within the meaning of the FCRA.

132.    At all times material, Defendant was aware of Plaintiff's handicap.

133.    At all times material, Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

134.    Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment.

135.    Specifically, during Plaintiff's employment with Defendant, the Defendant did not micromanage, make offensive comments, or terminate those employees of Defendant who were not handicap.

136.    Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

137.    Plaintiff's handicap was a motivating factor that caused Defendant to terminate Plaintiff.

138.    As a direct and proximate result of the actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

139.    Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to Plaintiff solely because of Defendant's conduct.

140.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff requests this Honorable Court:

  a.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

  b.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered;

  c.  Award Plaintiff compensatory damages for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

  d.  Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

  e.  Award Plaintiff back pay, including pension benefits, and other employment benefits which would have accrued;

  f.  Award Plaintiff punitive damages, according to proof;

  g.  Award Plaintiff reasonable costs and attorney's fees; and

  h.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT XI: HANDICAP RETALIATION IN VIOLAITON OF THE FCRA

141.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

142.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms,

conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

143.    Plaintiff's physical and mental conditions, diagnosis, and symptoms qualified as a handicap within the meaning of the FCRA.

144.    At all times material, Defendant was aware of Plaintiff's handicap.

145.    At all times material, Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

146.    Plaintiff engaged in a protected activity when she objected to Supervisor Herrera's micromanaging of Plaintiff's work and harassing remarks due to Plaintiff's handicap.

147.    Defendant intentionally engaged in unlawful employment practices and retaliation by failing to correct the discriminatory treatment directed towards Plaintiff, continuing the micromanagement of Plaintiff's work and harassing remarks, and subsequently terminating Plaintiff's employment.

148.    Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment because she objected to Defendant's discriminatory actions.

149.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

150.    Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

151.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff requests this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered;

c. Award Plaintiff compensatory damages for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d. Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

e. Award Plaintiff back pay, including pension benefits, and other employment benefits which would have accrued;

f. Award Plaintiff punitive damages, according to proof;

g. Award Plaintiff reasonable costs and attorney's fees; and

h. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT XII: HANDICAP DISCRIMINATION
## (HOSTILE WORK ENVIRONMENT) IN VIOLAITON OF THE FCRA

152. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

153. Plaintiff's physical and mental conditions, diagnosis, and symptoms qualified as a handicap.

154. At all times material, Defendant was aware of Plaintiff's handicap.

155. At all times material, Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

156. At all times material, Supervisor Herrera engaged in a persistent pattern of unwelcomed, severe, and pervasive harassment including, for example, making offensive comments to Plaintiff regarding how Plaintiff looked like a result of her handicap and by micromanaging Plaintiff's work.

157. This created a hostile workplace environment for Plaintiff.

158. This also created an objective hostile workplace environment.

159.    Plaintiff advised Supervisor Herrera that her conduct was unwelcome.

160.    Plaintiff was subjected to the harassment because of her handicap.

161.    The harassment was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant and created an abusive working environment.

162.    When Plaintiff objected to Supervisor Herrera's harassing comments, Plaintiff gave Defendant notice of the hostile work environment.

163.    Defendant failed to take adequate remedial action.

164.    Despite Plaintiff's objections, the harassment of Plaintiff continued to occur.

165.    Supervisor Herrera was acting within the scope of her employment when she harassed Plaintiff.

166.    As a direct and proximate result of the actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

167.    Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to Plaintiff solely because of Defendant's conduct.

168.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered;

c.  Award Plaintiff compensatory damages for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d.  Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

e.  Award Plaintiff back pay, including pension benefits, and other employment benefits which would have accrued;

f.  Award Plaintiff Punitive damages, according to proof;

g.  Award Plaintiff reasonable costs and attorney's fees; and

h.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: April 26, 2022.

Respectfully submitted,

By: **/s/Aron Smukler**
Aron Smukler, Esquire
Fla. Bar No.: 0297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*